**Root 4 You LLC v New York City Bd. of Health**

2025 NY Slip Op 31015(U)

March 31, 2025

Supreme Court, New York County

Docket Number: Index No. 157613/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   **HON. LYLE E. FRANK**

*Justice*

**PART**   **11M**

-------------------------------------------------------------------------------X

ROOT 4 YOU LLC,

Petitioner,

- v -

NEW YORK CITY BOARD OF HEALTH, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, ASHWIN VASAN

Respondent.

-------------------------------------------------------------------------------X

**INDEX NO.**   157613/2024

**MOTION DATE**   08/19/2024

**MOTION SEQ. NO.**   001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 51

were read on this motion to/for                  ARTICLE 78 (BODY OR OFFICER)           .

Upon the foregoing documents, the petition is denied.

## Background

Root 4 You LLC d/b/a Here & Now ("Petitioner") formerly operated a café on Allen Street, which sold Kava and Kratom (herbal extracts) in tea form. They applied for a permit from the New York City Department of Health and Mental Hygiene ("DOHMH", collectively with New York City Board of Health and Ashwin Vasan "Respondents") in December of 2022, and they began to operate provisionally until a pre-permit inspection could be conducted. In July of 2023, the inspection was held, during which the Petitioner was informed that Kava and Kratom are considered adulterants, and therefore the teas could not be sold. The substances were thrown out and shortly thereafter the permit was granted.

DOHMH issued two summonses to Petitioner (one in July 2023 and one in November 2023) alleging that they were violating the city Health Code by serving adulterated beverages. Both of these summonses resulted in an OATH hearing that found in Petitioner's favor.

[* 1]

DOHMH appealed that November hearing, which was affirmed. In the same month, DOHMH issued a closure order. This resulted in an OATH trial, in which Judge Lee recommended that the closure order be lifted based on procedural grounds. A few days before the decision in the OATH trial was issued, DOHMH denied Petitioner's application to renew their food service establishment permit. Petitioner appealed this denial to the New York City Board of Health ("BOH"), who issued an order stating that Petitioner could not sell the Kava and Kratom teas as it is considered an adulterated substance under the Health Code. The present petition challenging this final determination was timely brought. Petitioner seeks a declaratory judgment that the denial of their permit application was arbitrary and capricious, and that Kava and Kratom teas are single-ingredient foods not adulterated beverages.

**Standard of Review**

A party may bring an Article 78 petition to challenge the final determination of an administrative agency. CPLR § 7801(1). A court must give great deference to the agency's decision and cannot "interfere unless there is no rational basis for the exercise of discretion or the action complained of is arbitrary and capricious." *Pell v. Board of Education*, 34 N.Y.2d 222, 231 (1974). Judicial review is also available if the agency's determination was "contrary to law or procedure." *Barrett Japaning, Inc. v. Bialobroda*, 190 A.D.3d 544, 545 (1st Dept. 2021). An action is irrational or arbitrary and capricious if "it is taken without sound basis in reason or regard to the facts." *Matter of A.Z. v. City Univ. of N.Y., Hunter Coll.*, 197 A.D.3d 1027, 1027 (1st Dept. 2021).

**Discussion**

Petitioner's permit renewal application was denied pursuant to the Health Code because they were "offering and/or selling food to the public containing kava and kratom, which are

**157613/2024  ROOT 4 YOU LLC vs. NEW YORK CITY BOARD OF HEALTH ET AL**
**Motion No.  001**

**Page 2 of 5**

unapproved food additives, thereby rendering such food to be adulterated and thereby creating and/or maintaining a public health nuisance condition." Petitioner argues that such a decision is arbitrary and capricious because 1) mixing kava and kratom with water is a single ingredient food, not an adulterated beverage; and 2) the decision goes against the OATH findings that kava and kratom are not injurious to public health. Respondents argue that their determination that kava and kratom are adulterated under the Health Code and injurious to health is rational.

### DOHMH Determination that Kava and Kratom Are Injurious to Health Was Not Arbitrary and Capricious

Health Code § 71.11 states that DOHMH may condemn material when, in its opinion, "a food, drug or cosmetic is unfit for consumption or use or is adulterated or otherwise constitutes a danger or is prejudicial to the public health." Petitioner and Respondents disagree on whether or not Kava and Kratom are injurious to human health. But the Health Code clearly grants DOHMH the power to condemn a food when, "in its opinion", the substance is prejudicial to the public health. Here both sides have put forth material regarding their positions on the safety (or lack thereof) for Kava and Kratom. When an agency's determination "is supported by facts or reasonable inferences that can be drawn from the record and has a rational basis in the law, it must be confirmed." *American Tel. & Tel. Co. v. State Tax Com.*, 61 N.Y.2d 393, 400 (1984).

Here, the determination by DOHMH that Kava and Kratom are prejudicial to the public health can be supported by facts or reasonable inferences from the record, and therefore this Court must give that decision deference. Furthermore, Health Code § 5.17(c) permits the Commissioner to "impose whatever conditions he or she deems necessary for the continued safe operation of the permitted business" after an OATH judge recommends reopening a business. The conditions that the Commissioner put on reopening after the November trial was that

**157613/2024   ROOT 4 YOU LLC vs. NEW YORK CITY BOARD OF HEALTH ET AL**          **Page 3 of 5**
**Motion No.  001**

3 of 5

Petitioner refrain from selling Kava and Kratom. Despite the OATH findings during the hearings, this condition was a valid exercise of the Commissioner's authority under the Health Code.

### *DOHMH Determination that Kava and Kratom Are Adulterants Was Not Arbitrary and Capricious*

Another issue in this matter is whether DOHMH's decision to label Kava and Kratom tea as food adulterants (rather than single-ingredient food) was arbitrary and capricious. Petitioner points to FDA guidance that does not consider Kava and Kratom to be food adulterants when steeped in water alone as evidence that the DOHMH erred in considering the teas in question to be adulterated. They also cite to several cases dealing with the definition of food adulterant under the Federal Food and Drug Act. Respondents in turn argue that the FDA's position is irrelevant and point to the Health Code, which in § 71.05(c) permits DOHMH to make a determination that a food is adulterated if it "bears or contains any poisonous or deleterious substance which may render it injurious to health." Because, as discussed above, DOHMH is entitled to deference on their decision that Kava and Kratom are injurious to health, they are likewise entitled to deference on their determination that the substances are adulterants because the tea contains a substance that renders it injurious to health. The FDA's stance on adulterants under the Federal Food and Drug Act is largely irrelevant to the DOHMH's interpretation of the New York City Health Code. An agency's interpretation of their own regulations is "entitled to a high degree of judicial deference." *Matter of Isabella Geriatric Ctr., Inc. v. Novello*, 38 A.D.3d 356, 357 (1st Dept. 2007).

Here, under the standard of an Article 78 petition, it has not been shown that the DOHMH arbitrarily and capriciously decided that Kava and Kratom are injurious to public

**157613/2024   ROOT 4 YOU LLC vs. NEW YORK CITY BOARD OF HEALTH ET AL**      **Page 4 of 5**
  **Motion No.  001**

[* 4]

4 of 5

health, and that tea made from these substances is adulterated under the meaning of the Health Code. These decisions do lead to a somewhat strange situation in which a person in New York City may buy pre-packaged Kava or Kratom tea bags from a pharmacy, but not pre-brewed Kava or Kratom tea in a café. But ultimately, the determinations by DOHMH cannot be said to be arbitrary and capricious under the Article 78 standard. Because the final determination being challenged in the petition was to deny a permit renewal, based on DOHMH's determinations on the safety of Kava and Kratom, petitioner has failed to meet their burden. Accordingly, it is hereby

ADJUDGED that the petition is denied.

20250331124451LFRANK7AF6C3B1D5AB4D0F8CDC7727020A6C69

| 3/31/2025 | | | | LYLE E. FRANK, J.S.C. | |
|-----------|---|---|---|---|---|
| **DATE** | | | | | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**157613/2024   ROOT 4 YOU LLC vs. NEW YORK CITY BOARD OF HEALTH ET AL**
**Motion No.  001**

**Page 5 of 5**

5 of 5